UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MARIA GLADYS ASHQUI,  Case No. 17-cv-0227-JRT-KMM

Plaintiff,

v.  **REPORT AND RECOMMENDATION**

HOTEL HYATT,

Defendant.

---

Plaintiff Maria Gladys Ashqui did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. In an order dated February 14, 2017, this Court noted that Ms. Ashqui's IFP application could not yet be granted because her complaint failed to state a claim on which relief may be granted. *See* ECF No. 3; 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). The complaint indicated that Ms. Ashqui believed her former employer, defendant "Hotel Hyatt," had unlawfully discriminated against her. That said, the complaint did not include any factual allegations that, if proved true, would demonstrate such discrimination.

Indeed, the complaint included no allegations at all, apart from a series of checked boxes indicating that Ms. Ashqui believes she was the victim of multiple forms of discrimination.

Rather than recommend dismissal of the action on account of Ms. Ashqui's failure to state a claim on which relief may be granted, this Court provided Ms. Ashqui with an opportunity to file an amended complaint. This Court also referred Ms. Ashqui to the Federal Bar Association, which has a panel of volunteer lawyers who can often assist pro se litigants, and encouraged her to ask that organization to help her find a lawyer. Although the FBA was able to refer Ms. Ashqui to counsel for free consultation, she did not consult with counsel and remains pro se.

On March 21, 2017, Ms. Ashqui submitted a letter that she directed the Clerk of Court to docket as an "amended complaint." *See* ECF No. 5. That document — which is written entirely in Spanish — asks that the Court review a series of documents related to administrative proceedings concerning Ms. Ashqui's claims of discrimination. *See* ECF No. 5-1.

These documents do not comprise a viable pleading. Although the administrative exhibits submitted by Ms. Ashqui reflect the allegations and claims that she *might* be attempting to raise in this litigation, it remains the case that no single document includes the specific allegations and claims that she *is*, in fact, actually

raising.  The defendant, in turn, cannot be expected to respond to a lawsuit in which the claims and allegations being raised against it have not been set forth clearly and with specificity.

This Court recognizes that pro se pleadings are to be construed liberally.  Still, a pleading must allege sufficient facts to support the claims advanced, whether submitted by a represented litigant or an unrepresented litigant.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  The two complaints submitted by Ms. Ashqui up to this point in the lawsuit include no factual allegations whatsoever.  *See* ECF Nos. 1 & 5.  This matter simply cannot go forward without a viable pleading.  Accordingly, it is hereby recommended that this matter be dismissed without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE.

2. The application to proceed *in forma pauperis* of plaintiff Maria Gladys Ashqui [ECF No. 2] be DENIED.

Dated: July 17, 2017          *s/Katherine Menendez*
                              Katherine Menendez
                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).